## City of Chicago, Defendant in Error, v. Berry's, a corporation, Plaintiff in Error.

### Gen. No. 15,226.

WEIGHTS AND MEASURES—*when violation of ordinance established.* A consummated sale is not essential to establish the violation of an ordinance which makes it an offense "to practice deceit or fraud." If the deficiency in weight result from including the receptacle containing the merchandise, the ordinance violation is none the less established even though a sign hanging in the store of the defendant states its practice to include the receptacle in its weights, such sign not having been seen by those asserting the practice of the deception.

Action in debt. Error to the Municipal Court of Chicago; the Hon. JOHN C. SCOVEL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed January 24, 1911.

MOSES, ROSENTHAL & KENNEDY, for plaintiff in error; HAMILTON MOSES, of counsel.

GEORGE H. WHITE, for defendant in error; HENRY M. SELIGMAN, of counsel.

MR. JUSTICE BALDWIN delivered the opinion of the court.

The City of Chicago brought action in debt in the Municipal Court against Berry's, a corporation, to recover a penalty for the alleged violation of a city ordinance.

Section 2478 of the Revised Municipal Code of Chicago, as amended September 26, 1906, and on April 4, 1907, after providing that certain articles, like potatoes, etc., shall be sold by heaped measure, etc., says:

"Any person or corporation who shall practice deceit or fraud of any kind whatsoever in the sale of any commodity or article of merchandise of any kind whatsoever, whether sold by dry measurement or liquid measurement or linear measurement, or superficial measurement, or cubic measurement, or by weight, or by any unit of enumeration used in determining or measuring quantity, by selling or offering for sale any commodity or article of merchandise of any kind whatsoever, in quantities of less weight or measure or enumeration than the weight or measure or enumeration represented by the vendor or his agent or employe upon such sale or offer of sale, or who shall sell or offer for sale any commodity in any receptacle containing a less quantity than it is represented at the time of such offer or sale to contain  *  *  *  shall be fined not less than twenty-five dollars nor more than one hundred dollars for each offense."

The bill of particulars says:

"Plaintiff's claim is for a penalty not exceeding One Hundred Dollars for a violation by defendant of Section 2478  *  *  *  in that defendant, on, to-wit: the 29th day of September, 1908, did, through one Emma Morris, a clerk for the above, practice deceit and fraud in the sale of a certain amount of candy by offering

for sale and selling an amount of candy that was of less weight than the weight represented to be, at 591 West Madison street, Chicago, Illinois.''

After hearing the witnesses for the plaintiff and defendant, respectively, the court below entered judgment against the defendant for $50 and costs, to reverse which judgment defendant brings the case here upon a writ of error.

It appears that L. H. Gallagher, a deputy inspector and weight sealer of the city of Chicago, called at Berry's candy store December 29, 1908, and asked how much a pound the candy in the show case was, and the saleslady replied, ''Fifty cents a pound.'' He then said, ''Give me two pounds.'' Whereupon she said, ''I have it done up in two-pound boxes.'' He then replied, ''Let me have two pounds.'' She reached back on the shelf and took down a box, tied up with paper and strings, and handed it to him. He said, ''Is this two pounds?'' She said, ''Yes.'' Thereupon he notified her that he was an inspector, and represented the city sealer's office, and wished to weigh the candy; that he weighed it and found that the box and candy weighed two pounds, the box alone weighed four ounces, making the net weight of the candy one pound and twelve ounces. The witness testified that he then asked her, ''Were you instructed to sell this for two pounds?'' and she replied that they were. The witness did not pay for the candy, but took it away with him just as it was. The witness further testified that he did not see a certain sign, which the defendant offered in evidence, and will be hereafter referred to, though the witness says he looked around to see if there were any signs with reference to selling candy by the box, and did not see it.

Frank Walsh, a deputy inspector for the city, testified to having been present with Gallagher, and says, that when they entered the store Gallagher asked the young lady how much the candy was worth a pound, and she told him fifty cents, and he said, ''I will take two

pounds;" that she then said, "It is done up," and handed him a box, when he asked, "Is there two pounds in that box?" and she said, "Yes." He stated that the box of candy being weighed, it was found that the gross weight of both was two pounds, the box weighing four ounces, and the candy one pound and twelve ounces. Witness testified on cross-examination that he did not see the sign referred to, and did not know that Berry's included the receptacle in the weights in which they sold candies.

The testimony of the witnesses for the defendant (two salesladies) did not essentially contradict the testimony of the two inspectors. They did, however, testify that there was hanging on the wall, about twelve feet from the front of the store, and back of the show case, a sign, which was offered in evidence, and which was upon a card about nine by twelve inches, upon which was printed the following:

"During the past 35 years all weights on candy quoted by us have included the container. This policy will be followed in the future as in the past.

BERRY'S."

And that this sign had been thus displayed in the store for a long time.

"During the oral argument, and in the briefs, counsel for plaintiff in error contended that to constitute an offense under the ordinance, it was necessary to prove a consummated sale. It was insisted that in the phrase, "Any person or corporation who shall practice deceit or fraud of any kind whatsoever in the sale of any commodity," etc., the words "practice deceit," etc., must be construed as requiring a completed sale. We do not so understand the ordinance. To give effect to its evident purpose, and to all of its language, including the words "by selling or offering for sale any commodity," etc., we think the ordinance must be construed as if it read: "Any person or corporation who shall practice deceit or fraud of any kind

whatsoever in the *matter of the* sale of any commodity or article of merchandise of any kind whatsoever," etc.

In this view of the ordinance we think the evidence justified the lower court in its finding against the defendant, and judgment is, therefore, affirmed.

*Affirmed.*